**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CASE NO.  3:20-cv-450-GNS**
**ELECTRONICALLY FILED**

**JACOB "JACK" BRADLEY**

**DANIEL BRADLEY**

**AND**

**JUDITH BRADLEY**                                                                  **PLAINTIFFS**

**VS.**

**JEFFERSON COUNTY PUBLIC SCHOOLS**

**AND**

**KENTUCKY DEPARTMENT OF EDUCATION**

**AND**

**MOREHEAD STATE UNIVERSITY**                                         **DEFENDANTS**

**COMPLAINT AND REQUEST FOR TRIAL DE NOVO**

   Comes now the Plaintiffs Jacob "Jack" Bradley, along with his parents Daniel and Judith Bradley, by and through counsel and for their cause of action against the foregoing Defendants, Jefferson County Public Schools (hereinafter "JCPS"), Kentucky Department of Education (hereinafter "KDE") and Morehead State University (hereinafter "MSU"), herby state as follows:

**I.   INTRODUCTION**

1) Plaintiff Jack Bradley was a student with a disability eligible for special education and related services pursuant to the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1400 et seq.  He was also identified as an exceptional student,

1

being intellectually gifted, pursuant to K.R.S. § 157.200. As a twice exceptional student, Jack Bradley was entitled to a free appropriate public education (hereinafter FAPE), including the implementation of his individual education plan (hereinafter "IEP"). Jack Bradley resides with his parents Daniel and Judith Bradley in Jefferson County, Kentucky within the boundaries of the JCPS. During the 2017-2018 and 2018-2019 school years, Jack Bradley was dually enrolled as a high school student at duPont Manual High School within the JCPS as well as the Craft Academy for Excellence in Science and Mathematics (hereinafter "Craft Academy"), an accelerated residential school for eleventh and twelfth grade students, hosted by and located at MSU. While attending Craft, both JCPS refused to implement Jack Bradley's IEP, pursuant to a directive given by the KDE. MSU also refused to implement the IEP. Jack' parents, Daniel and Judith Bradley, were therefore forced to provide for the special education and related services called for in the IEP at their own cost.

  Because of the failure by the Defendants to provide Jack Bradley with a FAPE, the Plaintiffs sought relief utilizing the IDEA's dispute resolution procedures and requested a due process hearing. The due process hearing officer improperly dismissed the Bradleys' claims against all Defendants and the Plaintiffs appealed to the Exception Children's Appeals Board (hereinafter "ECAB"), which upheld in part and reversed in part the hearing officer's decision. The Plaintiffs are seeking this honorable Court's de novo review of these decisions and of their rights. The actions by the Defendants herein, and the decisions by the hearing officer and ECAB also foreclosed Plaintiff Jack Bradley's right to access the same range of educational opportunities available to other students and discriminated against Plaintiff Jack Bradley solely because of his disabilities

in violation of 29 U.S.C. § 794 and 42 U.S.C. § 12132 et seq., The Defendants have breached the Plaintiffs' procedural due process rights and have invaded their interests in such procedures giving rise to a claim under 42 U.S.C. § 1983.

2) Plaintiffs ask this honorable Court to hold that the decisions of the hearing officer and ECAB were in error, that such decisions effectively sanction disability discrimination by the Defendants and that the substantive and procedural rights of the Plaintiffs have been violated by the Defendants.

## II.  JURISDICTION AND VENUE

3) Jurisdiction of this Court arises under 20 U.S.C. § 1415(i)(3)(A) and (B); 28 U.S.C. §§ 1331, 1343, 2201 and 2202; 29 U.S.C. § 794; 42 U.S.C. § 2000 *et seq.* and 42 U.S.C. § 12131 *et seq.*

4) Defendant JCPS is found within the Western District of Kentucky and therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.  PLAINTIFFS

5) Plaintiff Jack Bradley is a person with disabilities and exceptionalities as defined by 20 U.S.C. § 1400 et seq., 42 U.S.C. § 12102 and § 12131 and K.R.S. § 157.200. He is a resident of Jefferson County, Kentucky and resides within the geographical boundaries of JCPS. As a person with a disability, Jack was entitled to a free appropriate public education, including special education and related services pursuant to his IEP and gifted student services plan (GSSP). During the 2017-2018 and 2018-2019 school years, Jack qualified for, was accepted into and attended Craft. During these years, Jack was denied his right to a free appropriate public education, was discriminated against solely because of his disability and his due process rights were and have continued to be violated.

6) Plaintiffs Daniel Bradley and Judith Bradley are Plaintiff Jack Bradley's parents. As such, they were entitled to certain procedural due process rights pursuant to 20 U.S.C. § 1415, which were violated by the Defendants. Further, because the Defendants violated Plaintiff Jack Bradley's right to a free appropriate public education, Plaintiffs Daniel and Judith Bradley have incurred out of pocket educational expenses on Plaintiff Jack Bradley's behalf and seek reimbursement of such.

## IV.   DEFENDANTS

7) Defendant Jefferson County Public Schools is a local educational agency pursuant to the IDEA. As such, it is responsible for providing students with disabilities residing within its boundaries a FAPE. It has a legal duty to provide services and procedures consistent with the IDEA and has a legal duty to protect Plaintiffs' procedural rights. It is a public entity under the Americans with Disabilities Act (hereinafter "ADA"), and the recipient of federal funds, including funds pursuant to the IDEA, and is therefore subject to the required protections of disabled persons provided by the IDEA, the ADA, and section 504 of the Vocational Rehabilitation Act.

8) Defendant Kentucky Department of Education is a state educational agency pursuant to the IDEA. As the state educational agency, the KDE is required to ensure that all students with disabilities in the state are provided with a FAPE and that all of the rights and protections available under the IDEA were available to Petitioner Jack Bradley pursuant to 20 U.S.C. § 1412. According to the IDEA at 20 U.S.C. § 1407, the KDE also had a responsibility to ensure that state rules, regulations and policies relating to the IDEA and concerning students with disabilities in accelerated, dual credit, dual enrollment educational programs, conformed to the purposes of the IDEA. It is a public entity under

    the ADA, and the recipient of federal funds, including funds pursuant to the IDEA, and is therefore subject to the required protections of disabled persons provided by the IDEA, the ADA, and section 504 of the Vocational Rehabilitation Act.

9) Defendant Morehead State University is a public university that hosts the Craft Academy for Excellence in Science and Mathematics, which serves only eleventh and twelfth grade high school students. The Craft courses adhere to the Commonwealth of Kentucky's high school graduation requirements and upon successful completion of such coursework, the Craft Academy issues a Kentucky high school diploma to its students. As a public educational entity serving high school students, it is subject to the substantive and procedural requirements of the IDEA. It is a public entity under the ADA, and the recipient of federal funds, and is therefore also subject to the required protections of disabled persons provided by the ADA, and section 504 of the Vocational Rehabilitation Act.

## V.   FACTUAL ALLEGATIONS

10) Plaintiff Jack Bradley was enrolled in the JCPS duPont Manual High School from which he graduated on Saturday, June 8, 2019.

11) Plaintiff Jack Bradley has been diagnosed with the following medical conditions and deficits: microcephaly, autism, written expression disorder, auditory processing disorder, attention deficit hyperactivity disorder, hypotonia, Tourette's Syndrome, growth hormone disorder, colorblindness, dysgraphia, and executive processing disorder.

12) Plaintiff Jack Bradley's conditions and deficits have impacted his physical, cognitive, developmental, and social growth and his stamina is severely impaired because of his conditions, deficits and medications for his conditions.

13) Prior to entering JCPS as a ninth grade student, Jack was primarily home educated with significant supplemental educational experiences and therapies.

14) In 2013, Plaintiff Jack applied to and was accepted by JCPS' duPont Manual High School for their Math, Science, & Technology (MST) magnet program for academically advanced students and started attending there in August, 2014 as a ninth grader.

15) On 2/12/2014, JCPS identified Plaintiff Jack Bradley as a student with disabilities who requires special education and related services under the Individuals with Disabilities Education Act ("the IDEA"), 20 U.S.C. § 1400 et seq., and also under KRS 157.200.

16) Plaintiff Jack Bradley's initial and all subsequent IEPs have noted that his disabilities significantly impact his written language, social communications, executive functioning, self-advocacy and other skills needed for education, employment and independent living.

17) Plaintiff Jack Bradley was also identified by JCPS as a gifted student under KRS 157.200.

18) During the 2014-15, 2015-16, and 2016-17 school years, Jack participated in accelerated math and science classes and Advanced Placement or advanced program social study and English courses at duPont Manual.

19) JCPS implemented Plaintiff Jack Bradley's IEP during his 2014-15, 2015-16, and 2016-17 school years.

20) During the 2016-2017 school year Plaintiff Jack Bradley was encouraged by his IEP committee to take a dual credit University of Louisville course. Jack's IEP was implemented by JCPS during this course.

21) In 2016, with the encouragement of JCPS teachers and administrators and with the knowledge of his ARC committee, Plaintiff Jack Bradley applied to and was selected to participate in the Craft Academy for Excellence in Science and Mathematics program located on the campus of Morehead State University.

22) Plaintiff Jack Bradley attended the Craft Academy for the 2017-2018 and 2018-2019 school years.

23) Plaintiff Jack Bradley's IEP included a transition plan which required a residential college experience.

24) JCPS offered no other program comparable to the Craft Academy program which would fulfill the unique requirements of Jack's IEP.

25) Plaintiff Jack Bradley received a high school diploma from both duPont Manual High School as well as the Craft Academy.

26) Throughout the time he participated in the Craft Academy program, JCPS remained Plaintiff Jack Bradley's resident school district and primary enrollment as noted in Infinite Campus, on Manual High School records, including attendance, progress and grade reports and also as noted by Craft Academy on its records.

27) Throughout the time that Plaintiff Jack Bradley participated in the Craft Academy program, JCPS continued to receive funds for Plaintiff Jack Bradley's education.

28) JCPS initially agreed to implement Plaintiff Jack Bradley's IEP while he attended the Craft Academy, however, shortly thereafter, the KDE directed the school district not to.

29) Neither JCPS nor MSU implemented Plaintiff Jack Bradley's IEP while he attended the Craft Academy.

30) KDE's directive to JCPS required Plaintiff Jack Bradley, who was otherwise qualified to participate alongside his non-disabled peers in dual credit, dual enrollment courses, to waive his right to have his IEPs implemented.

31) KDE's directives to JCPS and its lack of policies and procedures effectively excluded Plaintiff Jack Bradley from full participation in his educational program.

32) KDE's directives to JCPS erected a barrier to the Plaintiffs' ability to make school choice decisions that are available to non-disabled students.

33) The Plaintiffs filed a request for a due process hearing on June 6, 2019 alleging violations of the IDEA by JCPS.

34) The Plaintiffs filed an amended request for a due process hearing on July 26, 2019 alleging violations of the IDEA by KDE and MSU.

35) Without conducting a due process hearing, the hearing officer ultimately dismissed the claims against JCPS, KDE and MSU for the 2017-2018 and 2018-2019 school years on November 12, 2019 and December 3, 2019 in separate orders.

36) Plaintiffs appealed the hearing officer's final decisions to the ECAB on or about December 7, 2019 and December 17, 2019

37) The ECAB combined the appeals and issued its final ruling on May 21, 2020, reversing in part and upholding in part the hearing officer's decisions.

### VI.   ERRORS BY THE HEARING OFFICER AND ECAB

38) The hearing officer erred by dismissing the Plaintiff's due process action against all Defendants without a hearing.

39) The hearing officer erred by finding the Craft Academy was not a secondary school.

40) The hearing officer erred by finding that JCPS did not determine Plaintiff Jack Bradley's attendance at Craft Academy necessary for the provision of FAPE.

41) The ECAB erred by dismissing Defendants KDE and MSU from the Plaintiffs' due process action.

42) The ECAB erred by finding that the education provided to Plaintiff Jack Bradley at the Craft Academy was post-secondary education.

43) The ECAB erred by disregarding the opinion of the Kentucky Attorney General OAG 17-021.

44) The ECAB erred by finding that JCPS owed no duty to provide FAPE to Plaintiff Jack Bradley while he attended the Craft Academy.

45) The ECAB erred by finding that MSU owed no duty to provide FAPE to Plaintiff Jack Bradley while he attended the Craft Academy.

46) The ECAB erred by finding that Plaintiff Jack Bradley was no longer a resident of Jefferson County during the school years in which he attended the Craft Academy.

47) The ECAB erred by finding that Plaintiff Jack Bradley unilaterally determined his own placement at the Craft Academy.

48) The ECAB erred when it offered remand instructions regarding whether JCPS offered FAPE prior to Plaintiff Jack Bradley attending Craft Academy.

## VII.   CAUSES OF ACTION

A.  **Plaintiffs Claims for De Novo Review under IDEA**

49) Plaintiffs hereby incorporate by reference all averments contained in paragraphs 1-48 as if restated fully herein.

50) Defendants have breached the IDEA, denied Plaintiff Jack Bradley's right to FAPE and violated IDEA's procedures, giving rise to a claim for relief for such actions or inactions under IDEA, and for this Court's declaratory, injunctive and all "appropriate relief" under IDEA

**B. Due Process Claims**

51) Plaintiffs hereby incorporate by reference all averments contained in paragraphs 1-50 as if restated fully herein.

52) The actions of the Defendants are state action within the meaning of that term under 42 U.S.C. §1983.

53) The Defendants actions have deprived Plaintiffs of their Constitutional, statutory and regulatory rights and privileges afforded to them.

**C. Disability Discrimination**

54) Plaintiffs hereby incorporate by reference all averments contained in paragraphs 1-53 as if restated fully herein.

55) Plaintiff Jack Bradley is a person with disabilities and exceptionalities as defined by 20 U.S.C. § 1400 et seq., 42 U.S.C. § 12102 and § 12131 and K.R.S. § 157.200.

56) Plaintiff Jack Bradley was otherwise qualified to participate in the accelerated program Craft Academy.

57) All Defendants are public entities under the ADA, and the recipients of federal funds, and are therefore subject to the required protections of disabled persons provided by the ADA, and section 504 of the Vocational Rehabilitation Act.

58) Based solely on his disabilities, Plaintiff Jack Bradley was excluded from participation in the Craft Academy program unless he declined the receipt of special education and related services called for in his IEP.

59) Such exclusion by the Defendants is in violation of 29 U.S.C. § 794 and 42 U.S.C. § 12132 et seq. and has caused Plaintiff Jack Bradley emotional, educational and financial harm.

**D. Denial of FAPE 29 U.S.C. § 794**

60) Plaintiffs hereby incorporate by reference all averments contained in paragraphs 1-59 as if restated fully herein.

61) Plaintiff Jack Bradley is a person with disabilities and exceptionalities as defined by 20 U.S.C. § 1400 et seq., 42 U.S.C. § 12102 and § 12131 and K.R.S. § 157.200.

62) Plaintiff Jack Bradley was entitled to the provision of FAPE pursuant to 29 U.S.C. § 794.

63) The Defendants failed to provide Plaintiff Jack Bradley with FAPE by failing to implement his IEP.

64) Such failure has caused the Plaintiffs emotional, educational and financial harm.

WHEREFORE, Plaintiffs pray that this honorable Court take jurisdictions of this complaint, and

A. Accept and review the administrative record, as required under IDEA;

B. Take additional evidence as it determines as necessary and proper;

C. Allow the Plaintiffs a trial by jury of all issues triable by a jury;

D. Damages under 42 U.S.C. § 1983 for the injuries to the Plaintiffs set forth above for violation of their constitutional, due process and statutory rights under color of law;

E.  Grant the Plaintiffs declaratory and injunctive relief and all appropriate relief under IDEA;

F.  Determine the Plaintiffs to be prevailing parties and award them their reasonable attorney fees and costs of litigation; and

G.  All other further relief this Court deems just and proper.

Respectfully submitted,

/s/ Marianne S. Chevalier
Marianne S. Chevalier (#90076)
Chevalier & Kruer, P.S.C.
2216 Dixie Highway, #202
Ft. Mitchell, Kentucky 41017
Phone:  859-581-3030
Fax:  859-581-5444
mchevalier@lawcg.com
Attorney for Plaintiffs